IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01336-PSF-BNB

SHARON BETHEL, Individually and as Conservator and Guardian of
DAVID BETHEL, an incapacitated person,

    Plaintiff,

v.

UNITED STATES OF AMERICA, by and through
VETERANS ADMINISTRATIVE MEDICAL CENTER OF DENVER, COLORADO;
ROBIN SLOVER, M.D.;
JOHN DOE 1, whose true name is unknown; and
JOHN DOE 2, whose true name is unknown,

    Defendants.

## ADDENDUM TO ORDER

The Court is in receipt of Plaintiff's Second Supplement to Response to Defendant Robin Slover, M.D.'s Motion to Dismiss (Dkt. # 94), filed September 28, 2006. This Supplement was filed after this Court issued its Order of September 28 (Dkt. # 95), although docketed first. The Court has nonetheless reviewed the Supplement and determined that it does not change the Order or its analysis for the following reasons.

Plaintiff's Supplement includes an affidavit by Dr. James Ehrlich, an anesthesiologist certified in Colorado and currently a staff emeritus in the Department of Anesthesiology at Rose Medical Center. Dr. Ehrlich contends that in his opinion, the Veterans Administrative Medical Center ("VAMC") sets forth requirements for anesthesiologists that "reflect a degree of hospital control which is not typical of community based hospitals." He further states that "[i]n my opinion, the documents I have reviewed from the Veterans Administration Medical Center indicate that the VA

exercises significant control of the day to day actual medical practice of anesthesiologists working at this facility regardless of employer of the anesthesiologist."

However, as set forth in this Court's Order granting Dr. Slover's Motion to Dismiss, such general assertions, even it true, do not negate or contradict the contractual language between the VAMC and its independent contractor, the University of Colorado. Under it, the VAMC "may evaluate the quality of professional and administrative services provided but retains no control over . . . professional medical judgment, diagnosis, or specific medical treatments." VAMC Contract at 15-16. Further, plaintiff offers no basis for finding that the Tenth Circuit's determination of control in *Tsosie v. United States*, 452 F.3d 1161, 1164 (10th Cir. 2006), interpreting the identical contractual language, would have been different in the face of such detailed regulations that are secondary to the actual operative contract between the VAMC and Dr. Slover's employer. Finally, Dr. Ehrlich's opinion that such regulations are more detailed and controlling is certainly not a legal basis for determining the question, governed by federal law, of whether or not Dr. Slover can be considered an employee for purposes of the Federal Tort Claims Act. Therefore, plaintiff's Supplement is received and acknowledged, but does not change the analysis or this Court's determination that Dr. Slover is not a federal employee and that her Motion to Dismiss is properly granted.

Dated: September 29, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Court Judge