IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01336-PSF-BNB

SHARON BETHEL, Individually and as Conservator and Guardian of
DAVID BETHEL, an incapacitated person,

    Plaintiff,

v.

UNITED STATES OF AMERICA, by and through
VETERANS ADMINISTRATIVE MEDICAL CENTER OF DENVER, COLORADO;
JOHN DOE 1, whose true name is unknown; and
JOHN DOE 2, whose true name is unknown,

    Defendants.

## ORDER ON PENDING MOTIONS

This matter is before the Court on Plaintiff's Revised Motion to Supplement Exhibits (Dkt. # 86), Defendant Robin Slover's Motion for Attorney Fees (Dkt. # 99), and Defendant Robin Slover's Motion to Certify Dismissal Order as Final (Dkt. # 100). Dr. Robin Slover was dismissed from this case by Order of this Court dated September 28, 2006 (Dkt. # 95).

## I. PLAINTIFF'S MOTION TO SUPPLEMENT EXHIBITS

Plaintiff Sharon Bethel requests this Court to consider an attached supplemental exhibit in support of her Objections to the Magistrate Judge's Order, which were overruled by Order of this Court dated September 28, 2006 (Dkt. # 95). Therefore, Ms. Bethel's motion to supplement is denied as moot.

## II.  DEFENDANT ROBIN SLOVER'S MOTION FOR ATTORNEY FEES

Dr. Slover claims she is entitled to an award of attorney's fees pursuant to C.R.S. § 13-17-201 following this Court's dismissal of her from this case for lack of jurisdiction. Under that statute, a "defendant shall have judgment for his reasonable attorney fees in defending" a tort claim where the action "is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure."

In this case, plaintiff brought suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, claiming that Dr. Slover and other named defendants were liable for negligence in connection with significant brain damage suffered by plaintiff's husband, David Bethel, while a patient under defendants' care. Dr. Slover subsequently filed a motion to dismiss pursuant to F.R.Civ.P. 12(b)(1), contending that she is entitled to a dismissal as a matter of law because she was not a federal employee for purposes of the FTCA, but rather a state public employee of the University of Colorado, and Ms. Bethel did not give governmental notice of their claim as required by the Colorado Governmental Immunity Act ("CGIA"), C.R.S. § 24-10-109. Therefore, Dr. Slover claimed, this Court lacked jurisdiction over plaintiff's claim against her.  This Court agreed that Dr. Slover was not a federal employee for FTCA purposes and granted her motion to dismiss.

Here, C.R.S. § 13-17-201 does not apply.  Although by its very terms the statute applies only to tort actions dismissed under the Colorado rules of civil procedure, federal courts have held it applicable to Colorado state-law tort actions dismissed

under Rule 12(b) of the Federal Rules of Civil Procedure.  *See Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n.6 (10th Cir. 2000); *Brammer-Hoelter v. Twin Peaks Charter Academy*, 81 F. Supp. 2d 1090, 1102 (D. Colo. 2000); *Yaklich v. Grand County*, 2006 WL 325738 (D. Colo., Feb. 10, 2006).  However, this case is materially distinguishable from these cases, as plaintiff did not bring a state-law tort action but rather brought suit pursuant to federal law.  *See* Pl.'s Compl. at 2 ¶¶ 1-3.  In *Jones*, for example, plaintiffs attempted to bring a tort claim under Colorado law for "Aggravation of Preexisting Medical Conditions."  *Jones*, 203 F.3d at 756.  The district court found that this allegation did not state a claim for relief under Colorado law, and dismissed it pursuant to F.R.Civ.P. 12(b)(6).  *Id.* at 756-57.  The Tenth Circuit upheld the award of fees pursuant to C.R.S. § 13-27-201 as to the dismissal of the Colorado tort claim, noting that "[w]hen exercising jurisdiction over pendent state claims, we must apply the substantive law of the forum state."  *Id.* at 757.  Here, all of Ms. Bethel's claims are brought pursuant to the FTCA and no pendent state claim is included, nor is diversity jurisdiction being invoked.  *See* Pl.'s Compl. at 2 ¶¶ 1-3.

Colorado courts have interpreted C.R.S. § 13-27-201 to not apply where plaintiff pled a breach of contract claim, even though the plaintiff's only available remedy lay in tort under the Colorado Premises Liability Act.  *See Sweeney v. United Artists Theater Circuit, Inc.*, 119 P.3d 538, 541 (Colo. App. 2005).  Analogously here, Ms. Bethel brought a federal claim, which–after a determination under federal law as to Dr. Slover's employment status–resulted in her being left with only an unviable state law tort claim.  The Colorado courts have determined that C.R.S. § 13-17-201's mandatory

3

fee award does not apply where the claim dismissed was not brought as a state law tort claim. *See id.* ("We have concluded that plaintiff's action should properly have been founded in tort under § 13-21-115. Plaintiff's claim was, nonetheless, framed as a contract claim, and it was the purported contract claim that was dismissed. Hence, § 13-17-201 . . . is inapplicable."); *see also Bertrand v. Bd. of County Comm'rs*, 872 P.2d 223, 227 (Colo. 1994) (statutes in derogation of the common law must be strictly construed). Moreover, the dismissal was based on a determination of federal law, not state law, that the Federal Tort Claims Act did not cover Dr. Slover. *See* Sept. 28 2006 Order (Dkt. # 95) at 4, citing *Lurch v. United States*, 719 F.2d 333, 337 (10th Cir. 1983), *cert. denied*, 466 U.S. 927 (1984) for the proposition that whether one is an employee of the United States is to be determined by federal law. Therefore, the Court denies Dr. Slover's Motion for Attorney Fees, which is based on a state statute.

### III.  DR. SLOVER'S MOTION TO CERTIFY AS FINAL

Dr. Slover requests this Court to certify as final pursuant to F.R.Civ.P. 54(b) and F.R.Civ.P. 58 its September 28, 2006 Order dismissing Dr. Slover. This request is opposed by the plaintiff. Under Rule 54(b), a court may certify as final a judgment resolving the rights of fewer than all the parties when it determines that there is no just reason for delay.

The first determination, therefore, is whether the order is final. To be considered "final," an order must be an ultimate disposition of an individual claim. *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001). The second determination is whether there is any just reason for delay. Relevant factors to consider include

(1) whether the claim is separable from the others remaining to be adjudicated, and (2) whether the nature of the claim already decided is such that no appellate court would have to decide the same issues more than once even if subsequent appeals are taken. *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).

Here, Ms. Bethel contends that there is "definite and substantial factual overlap between the dismissed claim against Dr. Slover and the unadjudicated claims in this matter." *See* Pl.'s Resp. (Dkt. # 112) at 4. Plaintiff's claims involve alleged negligent conduct by the anesthesiologists caring for David Bethel, including Dr. Slover and others. Ms. Bethel claims that the dismissed and pending claims "are not easily separable, and are based on the same theory of recovery." *Id.* at 7. The Court also notes that defendants have filed a Designation of Non-Party at Fault (Dkt. # 114), identifying Dr. Slover. In light of this overlap and given that no immediate appeal is being sought, the Court declines to certify as final its Order dismissing Dr. Slover. *See Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) (discussing factually or legally overlapping claims as inappropriate for Rule 54(b) certification); *see also Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973) ("[T]rial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships."). The Court has not been presented with any indication of undue hardship on Dr. Slover in declining to certify the Order dismissing her as final; indeed, she does not allege any hardship in her request.

On the other side of the ledger, such a certification under Rule 54(b) would require an immediate appeal by plaintiff of this Court's September 28, 2006 Order if appellate review were to be sought. Otherwise plaintiff would be foreclosed from appealing this ruling at the conclusion of the case. *See e.g. In re Lindsay*, 59 F.3d 942, 951 (9th Cir. 1995), *cert. denied*, 516 U.S. 1074 (1996) ("A Rule 54(b) determination, right or wrong, starts the time for appeal running."); *Constr. Indus. Ret. Fund of Rockford, Ill. v. Kasper Trucking, Inc.*, 10 F.3d 465, 467-68 (7th Cir. 1993) ("A litigant who does not appeal from a proper Rule 54(b) judgment is out of luck; an appeal at the end of the case does not present the issues covered by the Rule 54(b) judgment."); *see also* 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2661 at 154 (3d ed. 1998) ("[O]nce there has been a Rule 54(b) certification and a final judgment has been entered, the time for appeal begins to run."). Thus, on balance, the standards under F.R.Civ.P. 54(b) for an interlocutory final order have not been met. *See also Exch. Nat'l Bank of Chicago v. Daniels*, 763 F.2d 286, 291 (7th Cir. 1985) ("A district judge ordinarily should not enter a Rule 54(b) document unless the losing party requests it."); *Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1999) ("The only purpose of a Rule 54(b) order is to render 'final' <u>for purposes of appellate review</u> a discrete part of the case that can and should stand on its own immediately.") (emphasis added).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Supplement Exhibits (Dkt. # 86) is DENIED as moot. Defendant Robin Slover's Motion for Attorney Fees (Dkt. # 99)

is DENIED.  Defendant Robin Slover's Motion to Certify as Final (Dkt. # 100) is

DENIED.

DATED:  November 9, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Court Judge