IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01336-PSF-BNB

SHARON BETHEL, individually and as conservator and guardian of David Bethel, an incapacitated person,

Plaintiff,

v.

UNITED STATES OF AMERICA, by and through
VETERANS ADMINISTRATIVE MEDICAL CENTER OF DENVER, COLORADO,
JOHN DOE 1, whose true name is unknown, and
JOHN DOE 2, whose true name is unknown,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Plaintiff's Motion to Amend Complaint** [Doc. # 135, filed 2/14/2007] (the "Motion to Amend"). I previously held a hearing on the Motion to Amend and took the matter under advisement. I now respectfully RECOMMEND that the Motion to Amend be DENIED.

This is an action for damages under the Federal Tort Claims Act ("FTCA") arising out of injuries sustained by David Bethel while undergoing surgery at the Veterans Administration Medical Center in Denver, Colorado, on September 10, 2003. The plaintiff initially brought a claim, among others, against Robin Slover, M.D., an anesthesiologist, for medical negligence. Dr. Slover subsequently was dismissed from the case upon a finding by the district judge that she was an independent contractor and not an employee of the United States at the time of the alleged negligence. *Order on Pending Motions* [Doc. # 95, filed 9/28/2006].

The plaintiff now seeks leave to amend her complaint[1] to add a claim against the United States for "Negligent Credentialing and Privileging," alleging:

> The United States, through its employees and agents at the VA Hospital, all of whom were acting within the scope and course of their employment or within their authority as agents, were negligent in their care and treatment of Mr. Bethel including, but not limited to, the following:
>
> a. Allowing Robin Slover, M.D. to maintain privileges allowing her to perform the surgical anesthesia on Mr. Bethel;
>
> b. Failing to timely and appropriately investigate Robin Slover, M.D. upon learning of concerns regarding her competency and concerns regarding patient safety;
>
> c. Failing to monitor, proctor, suspend and/or otherwise limit Robin Slover, M.D.'s performance of surgical anesthesia at the VA Hospital prior to September 10, 2003, the date of Plaintiff's surgery.

*[Proposed] Amended Complaint for Damages and Jury Demand and Certificate of Review* [Doc. # 136] (the "Proposed Amended Complaint") at ¶64.

The United States opposes the Motion to Amend as futile. Specifically, the United States argues that the plaintiff failed to include a claim for negligent credentialing and privileging in her administrative claim, as required by 28 U.S.C. § 2675(a).

The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit. Trentadue v. United States, 397 F.3d 840, 852 (10th Cir. 2005). Section

---

[1] Initially, the plaintiff also sought leave to amend the complaint to add a claim for "Spoliation." *Proposed Amended Complaint* at Fourth Claim for Relief. At the hearing on the Motion to Amend, the plaintiff withdrew her request to amend the complaint to add this claim. Accordingly, the Motion to Amend is DENIED AS MOOT insofar as it sought leave to add a claim for spoliation.

2675(a), 28 U.S.C., requires that claims for damages against the United States must first be presented to the appropriate federal agency by filing "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Trentadue, 397 F.3d at 852 (internal citations and quotation omitted). Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed and cannot be waived. Id.

The United States argues here that the written statement filed by the plaintiff "fails to mention the possibility of liability for proposed claims of negligent credentialing." *Defendant United States' Response to Plaintiffs' Motion to Amend Complaint* [Doc. # 146, filed 3/9/2007] (the "Response") at p.6. Consequently, according to the United States, the administrative claim failed to describe the injury sufficiently to enable the agency to begin its own investigation.

The plaintiff's administrative claim states:

> This is a claim for medical malpractice arising from substandard medical care provided to David Bethel prior to his undergoing a scheduled surgical procedure on 09/10/03. On 09/10/03, David Bethel was scheduled to undergo a surgical procedure known as a fistulectomy at the V.A. Hospital in Denver, Colorado. Mr. Bethel was taken to the O.R. by Anesthesia with a surgical resident in attendance. Mr. Bethel was administered 2 mg. Of Versed at which time he became agitated and was having obvious trouble breathing. A decision was made by Anesthesia to induce Mr. Bethel and intubate him. Mr. Bethel was then given induction I.V. sedatives and paralyzed. The anesthesia resident was unable to visualize Mr. Bethel's vocal cords to place an endotracheal tube. The staff anesthesiologist was likewise unable to visualize the vocal cords and it was discovered that the endotracheal tube had been placed in the esophagus and was removed. A bollard laryngoscope was then placed, again without visualization of the vocal cords. At this point, Mr. Bethel's SAO2 did not measure on the monitor and the nurse holding Mr. Bethel's wrist was unable to get a pulse. External chest compressions were begun and Mr. Bethel was

3

> administered epinephrine bicarb. Chest compressions were
> continued while a staff anesthesiologist again attempted to place an
> endotracheal tube. Again, the attempted placement of the
> endotracheal was unsuccessful. After approximately ten minutes of
> chest compressions and two doses of epinephrine and atropine, Mr.
> Bethel's pulse and blood pressure returned. Anesthesia was still
> unable to place an endotracheal tube and asked for surgical
> assistance in establishing an airway. A surgeon then tried to place a
> guidewire through the trachea and out the mouth for placement of
> the endotracheal tube. This attempted surgical intervention was
> also unsuccessful. The senior ENT resident then entered the O.R.
> and assisted the surgeon in an emergency tracheotomy. During the
> failed attempts t place an endotracheal tube, Mr. Bethel suffered
> cardiac arrest and a significant hypoxic event lasting between 10
> and 20 minutes. (See attached Operative Report, dated 9/10/03,
> and, Discharge Summary, dated 11/5/03)

*Motion to Amend*, Exh. 1 at Part 8.

In Trentadue, the Tenth Circuit Court of Appeals established the following test for determining whether a party has sufficiently described a claim to satisfy the requirements of 28 U.S.C. § 2675(a):

> [T]he test under § 2675(a) [is] an eminently pragmatic one: as long
> as the language of an administrative claim serves due notice that the
> agency should investigate the possibility of particular (potentially
> tortious) conduct and includes a specification of the damages
> sought, it fulfills the notice-of-claim requirement. Several courts in
> this jurisdiction have similarly interpreted the provision to require
> notice of the facts and circumstances underlying a claim rather than
> the exact grounds upon which plaintiff seeks to hold the
> government liable. [Citing Barnson v. United States, 531 F. Supp.
> 614 (D. Utah 1982) and Mellor v. United States, 484 F. Supp. 641
> (D. Utah 1978).] We agree that the FTCA's notice requirements
> should not be interpreted inflexibly.

Trentadue, 397 F.3d at 852-53 (internal quotation omitted).

In Trentadue, the administrative claim alleged "'extreme acts of misconduct,' including the mutilation of [a prisoner's] body, the assertion that [the prisoner's] family caused his injuries, and

4

the statement that [the prisoner] killed himself because he had AIDS," and stated that "these and other acts . . . were so extreme as to exceed all bounds of what is tolerated in a civilized community." Id. at 853. The circuit court affirmed the decision of the district court that this was sufficient factual notice to support a claim for intentional infliction of emotional distress. Id.

Importantly, the circuit court cited Barnson v. United States, 531 F. Supp. 614 (D. Utah 1982), and Mellor v. United States, 484 F. Supp. 641 (D. Utah 1978), as cases illustrating that notice of the facts and circumstances underlying a claim, rather than the exact grounds upon which the plaintiffs sought to hold the government liable, was sufficient under § 2675(a). In Barnson, the administrative claim asserted that the plaintiffs were injured as a result of "unventilated or poorly ventilated [uranium] mines" and the negligent failure to warn of those dangers together with the government's failure to "implement rules, regulations and standards governing uranium mining" which "would have protected [plaintiffs] from injury or death from excessive radiation exposure." The district court ruled that this claim gave the government sufficient notice to allow the plaintiffs to sue medical personnel for malpractice, stating:

> [The Department of Energy] knew that the claim might involve non-[Atomic Energy Commission] personnel, and they knew or should have known that their actions in relation to the uranium mine workers involved medical personnel, be they AEC's or [Public Health Service's] agents.
> \*   \*   \*
> The facts and legal theories of this case are very complex. **This is not simply a case of failure to notify an agency of a separate negligent act occurring at a completely different time**. Nor is this situation one in which the medical causes of action are obviously distinct and different from the other causes of action alleged, for which a proper claim was submitted. The claims here

5

> allege a wide pattern of negligence in notifying plaintiffs' decedents of the dangers to which they were subjected.

Barnson, 531 F. Supp. at 623-24 (emphasis added).

Similarly, in Mellor the administrative claim alleged that the plaintiff "was negligently placed on Kamamycin" and asserted that the plaintiff received "negligent care and treatment by medical and hospital personnel resulting in damage. . . ." 484 F. Supp. at 642. The district court found this claim sufficient to give the government notice of a claim for failure to obtain the plaintiff's informed consent, stating:

> Plaintiff has put defendant on notice of the "incident" out of which this action arises, has informed defendant of the "facts and circumstances" underlying the claim and has presented a "claim" for a sum certain to the appropriate federal agency. This is all that is required by the applicable law.
>
> \* \* \*
>
> Here, this action is, and the administrative claim was, **based upon a single incident**; that is, the alleged injury and resulting damages **stem from the same set of negligent acts and the same time period**.

Id. at 642, 643 (emphasis added).

The courts in both Barnson and Mellor expressly distinguished the facts before them from those presented in Franz v. United States, 414 F. Supp. 57 (D. Ariz. 1976). In Franz, the administrative claim alleged that Air Force physicians negligently failed to diagnose the decedent's cancerous condition in 1969-70, when the decedent was on active duty. The plaintiff subsequently brought suit alleging medical negligence occurring between February 1, 1971, and July 27, 1972, after the decedent retired from the Air Force. The court found that the administrative claim did not give notice to support a claim of malpractice occurring in the 1971-72 time frame, holding:

6

> While this action arises from the same loss to the plaintiff, viz., the decedent's death, two distinct sets of negligent acts occurring at two different time periods are alleged--pre-retirement failure to diagnose cancer in the years 1969 and 1970 and post-retirement failure to diagnose sometime between February 1, 1971, and the decedent's death on July 27, 1972. The applicable regulations with respect to administrative claims requires notification to the agency of the "incident" upon which the claim is based. Plaintiff's administrative claim made no mention of the post-retirement "incident".

Franz, 414 F. Supp. at 58.

This case more closely resembles the facts in Franz. The loss claimed here by the plaintiff--a brain injury to her husband during surgery--may find its cause in either or both the alleged negligent credentialing of Dr. Slover or the alleged negligence occurring in the operating room. These are two distinct incidents, however, occurring at different times. This is not a case like Mellor, where the alleged misconduct underlying the injury all occurred at the same time and in connection with a single course of care and treatment.

The distinction which I draw here, and which was drawn by the court in the Franz case, finds further support in Kikumura v. Osagie, 461 F.3d 1269 (10th Cir. 2006). There, Mr. Kikumura was a federal prisoner who became violently ill in his cell on July 5, 2002. He subsequently brought suit alleging physical injuries resulting from inadequate medical care in connection with that illness. In his administrative claim filed under the FTCA, Mr. Kikumura alleged, in relevant part, that the prison officials failed "to take necessary action, including to discipline involved persons who violated my constitutional rights according to the BOP policy or introduce new policy so that the same wrong-doing won't happen again." Id. at 1285-86. The plaintiff later asserted 14 claims in a civil complaint, including claims for failure to provide medical

care promptly; inadequate medical care; negligent diagnosis; negligent misrepresentations made in the course of providing medical care; outrageous conduct; and "negligent failure to provide adequate training and supervision to [the] staff." Id. at 1278-79, 1302.  The trial court found that Mr. Kikumura's administrative claim failed to mention inadequate training of staff and dismissed that claim from the suit for failure to exhaust administrative remedies.  The circuit court agreed, stating:

> Much like the administrative grievances submitted by Mr. Kikumura in connection with his *Bivens* claims, the administrative tort claims he filed with the BOP fail to mention the possibility that his injuries were caused by the inadequate training and supervision of ADX staff.  For the same reasons that we found Mr. Kikumura failed to exhaust his *Bivens* claim against Supervisory Defendants, we also find that he failed to exhaust his "respondeat superior and/or supervisory liability" FTCA claim.

Id. at 1302.  The circuit court previously had ruled that Mr. Kikumura failed to exhaust his Bivens claim because "the vague reference to 'policy' [in the plaintiff's grievances] was insufficient to notify prison officials that the injuries might have been caused by inadequate training and disciplinary programs at the prison."  Id. at 1286.  The alleged failures to provide training and discipline necessarily involved a different incident, occurring at a time prior to the events July 5, 2002, when Mr. Kikumura became ill and when he claims he received negligent care.  Notice of the events of July 5, 2002, in the Kikumura case did not reasonably encompass the training of the staff, just as the plaintiff's allegations here of malpractice in Mr. Bethel's operating room on September 10, 2003, did not reasonably encompass the alleged negligent credentialing and privileging claim which the plaintiff seeks to add by amendment.

The plaintiff has failed to exhaust her administrative remedies on the purported negligent credentialing and privileging claim, which she seeks to add by amendment. That claim, therefore, would be subject to dismissal if brought, and any amendment to add the claim is futile. Gohier v. Enright, 186 F.3d 1216, 1218 (10thCir. 1999).

I respectfully RECOMMEND that the Motion to Amend be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)© and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 22, 2007.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge