IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01336-PSF-BNB

SHARON BETHEL, individually and as conservator and guardian of David Bethel, an
incapacitated person,

Plaintiff,

v.

UNITED STATES OF AMERICA, by and through
VETERANS ADMINISTRATIVE MEDICAL CENTER OF DENVER, COLORADO,

Defendant.

_____

**ORDER**
_____

This matter is before me on the following:

(1)     **Plaintiffs' Motion to Strike Defendant's Expert Witnesses** [Doc. # 189, filed

5/4/2007] (the "Plaintiffs' Motion to Strike Experts");

(2)     **Defendant United States' Motion to Strike Plaintiffs' Expert Witnesses** [Doc.

# 204, filed 5/25/2007] (the "Defendant's Motion to Strike Experts"); and

(3)     **Defendants Motion to Modify Scheduling Order to Permit Endorsement of a**

**Rebuttal Expert Witness or to Strike the Testimony of Dr. Diamond and to Permit the Five**

**Bethel Family Member Fact Witnesses** [Doc. # 209, filed 6/1/2007] (the "Motion to Enlarge or

Strike").

I held a hearing on the motions on June 8, 2007, and took the motions under advisement.

**Plaintiffs' Motion to Strike Experts**

Initially, the plaintiffs move to strike Thomas Walsh as an expert for the United States because he provided a first supplemental report on May 1, 2007, that contained "completely new, untimely opinions in violation of the deadlines set forth in the Scheduling Order." *Plaintiffs' Motion to Strike Experts* at pp.1-2. Walsh's initial expert report is dated April 2, 2007, and expresses opinions based on average earnings of $16,256. Walsh's supplemental opinion is dated April 30, 2007, and expresses opinions based on higher earnings. The United States attributes the change to a "clerical error" based on Walsh's use of a template to prepare his report and the failure of Walsh's assistant to input the correct earnings data. In any event, Walsh supplemented his opinion within less than one month, and the supplemental opinion was provided before Walsh's deposition was taken. The plaintiffs concede that they have suffered no undue prejudice or surprise as a result of the supplement. Nor do I find any bad faith or willful misconduct on the part of the United States. Consequently, the motion to strike Walsh based on his supplemental expert report is DENIED.

The plaintiffs also seek to strike Walsh and Henry Halperin, M.D., as defense experts because they "failed to provide a complete testimonial history as required by Fed. R. Civ. P. 26(a)(2)(B)." Id. at p.5. Rule 26(a)(2)(B), Fed. R. Civ. P., requires among other things that "with respect to a witness who is retained or specially employed to provide expert testimony" the party designating the expert must provide a written report prepared and signed by the expert which must include "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Cases have interpreted this portion of the rule to require the following:

> The information required to be disclosed is "cases" in which the witness has testified. The identification of "cases" at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial. Such information should be sufficient to allow a party to review the proceedings to determine whether relevant testimony was given. With this information, a party should be able to determine the type of claim presented and locate any recorded testimony.

Nguyen v. IBP, Inc., 162 F.R.D. 675, 682 (D. Kan. 1995); accord Norris v. Murphy, 2003 WL 21488640 at *1 (D. Mass. June 26, 2003)(same).

It is undisputed that Walsh is a specially retained expert subject to the requirements of Rule 26(a)(2)(B). The United States has not, however, provided a testimonial history for him that complies with the requirements of Nguyen. Instead, the United States has provided an unsigned list of "Depositions & Testimonies--Past Four Years" which lists 50 cases by the names of the parties. *Defendant's Second Supplemental Expert Designation Pursuant to Fed. R. Civ. P. 26(a)(2)*. In 15 of the 50 cases, the United States lists some information concerning the court or tribunal where the case was pending, and in ten of those 15 cases the United States lists a case number, but even with respect to these cases the information is incomplete. In three of the ten cases disclosing a case number, the information provided has been shown to be wrong.[1] With respect to the remaining 35 cases, the United States provides no information beyond the parties' names and an identifying city or state.

---

[1]There is no excuse for these errors. The three cases involved were each cases where Walsh testified as a witness for the United States or one of its agencies, in the district of Colorado, for lawyers in the same United States Attorney's office as is counsel here. One of the lawyers for the United States in this case also was counsel of record in at least one of the three instances where an incorrect case number is disclosed. It appears to me from these circumstances that the United States and Walsh have not taken seriously their responsibilities under Rule 26(a)(2)(B).

The *Defendant's Second Supplemental Expert Designation* states that the database

containing Walsh's testimonial history "was destroyed without his knowledge." Id. at p.1.  There

is no affidavit from Walsh supporting this claim, however, and at oral argument counsel for the

United States conceded that even if Walsh's database had not been destroyed, it would not

remedy the problem because Walsh did not maintained a testimonial history containing the

information required by the federal rule.[2]

Rule 37(c)(1) supplies the remedy to be applied where a party fails to comply with the

expert disclosure requirements:

> A party that without substantial justification fails to disclose
> information required by Rule 26(a) or 26(e)(1) shall not, unless
> such failure is harmless, be permitted to use as evidence at a trial
> . . . any witness or information not so disclosed.  In addition to or in
> lieu of this sanction, the court, on motion and after affording an
> opportunity to be heard, may impose other appropriate sanctions.
> In addition to requiring payment of reasonable expenses, including
> attorney's fees, caused by the failure, these sanctions may include
> any of the actions authorized under subparagraphs (A), (B), and (C)
> of subdivision (b)(2) of this rule and may include informing the jury
> of the failure to make the disclosure.

Pursuant to the rule, before considering a sanction for failure to make the required

disclosures I must first determine whether the United States has established "substantial

justification" for the failure to disclose and then consider whether that failure was "harmless."  In

this context:

> Substantial justification requires justification to a degree that could
> satisfy a reasonable person that parties could differ as to whether
> the party was required to comply with the disclosure request.  The

---

[2]  This is astonishing in view of the fact that even the sketchy information provided by the
United States establishes that Walsh has testified in at least five cases in federal court, including
three cases in this district.

> proponent's position must have a reasonable basis in law and fact.
> The test is satisfied if there exists a genuine dispute concerning
> compliance. Failure to comply with the mandate of the Rule is
> harmless when there is no prejudice to the party entitled to the
> disclosure. The burden of establishing substantial justification and
> harmlessness is upon the party who is claimed to have failed to
> make the required disclosures.

Nguyen, 162 F.R.D. at 680 (internal citation omitted).

Twice on facts substantially similar to these district courts in this circuit have found that an

expert's failure to maintain and a party's failure to disclose a testimonial history consistent with

the requirements of Rule 26(a)(2)(B) was neither substantially justified nor harmless. In Nguyen,

the Kansas court held:

> An expert's failure to maintain records in the ordinary course of his
> business sufficient to allow the disclosures to be made, does not
> constitute "substantial justification" for the failure to provide
> required disclosures as to any retained expert expected to testify at
> trial of the case. The requirements of the Rule 26(a) are mandatory
> as to any expert retained to testify. If the expert is unable or
> unwilling to make the disclosures he should be excluded as a
> possibility for retention as an expert witness in the case.
>
> Plaintiff offers no explanation for the employment of an expert
> witness who was unable or unwilling to provide a report which
> complied with the rule. A party may not simply retain an expert
> and then make whatever disclosures the expert will or is able to
> make notwithstanding the known requirements of Rule 26. The
> adverse party should not be placed at a disadvantage or be deprived
> of the full benefits of Rule 26 by the selection of an expert who
> cannot or will not make the required disclosures. The selection and
> retention of an expert witness is within the control of the party
> employing the expert. To the extent that there is a disadvantage
> created by the expert's failure to disclose it must be borne by the
> party retaining the expert witness.
>
> . . . . Further, upon the facts before the court, the failure to disclose
> is not harmless.

> Plaintiff argues that any "minor disclosure omission" is harmless.
> The characterization of the failure to comply with Rule 26(a)(2)(B)
> as a minor omission, demonstrates plaintiff's lack of appreciation
> for the clear requirements of the Rule.  The 1993 amendments to
> the Federal Rules of Civil Procedure which instituted the disclosure
> requirement were an attempt to assure that all parties disclosed
> certain information concerning their expert witnesses, including
> certain background facts which would enable a party to prepare for
> cross-examination at deposition or trial. . . .  Obviously, a further
> reason for [the] requirement of the disclosure in issue was to allow
> the adverse party to locate other testimony given by the expert
> witness which might be relevant to his proposed testimony in the
> pending case.

162 F.R.D. at 681-82

     Similarly, in Palmer v. Rhodes Machinery, 187 F.R.D. 653 (N.D. Okla. 1999), an

Oklahoma court faced with an expert's failure to provide a testimonial history in compliance with

Rule 26(a)(2)(B) ruled:

> . . . Defendant notes that a list of 169 cases, covering an
> approximate three year period in which Dr. Framjee testified at trial
> is posted at a site on the internet and is available to Plaintiff.  Other
> than that list, Defendant maintains that Dr. Framjee does not have a
> list of cases in which he has been deposed or has testified in court.
>
> Defendant acknowledges that the internet list of 169 cases does not
> comply with the federal rule.  The time period for the compilation is
> a little more than three years, and the list includes only testimony in
> cases which went to trial and does not include the cases in which
> Dr. Framjee was deposed but did not testify.
> *   *   *
> Defendant notes that compiling [a testimonial history] would
> require Dr. Framjee to hire someone and could take two months or
> longer to accomplish.
> *   *   *
> The Court finds that the cost or difficulty of compiling the list is
> insufficient for the purpose of meeting the "substantial justification"
> requirement.  The Rule has been in existence since 1993.  Dr.
> Framjee is deposed, according to Defendant, an average of three to
> five times each week.  If Defendant's expert plans to continue to

offer his services in federal court, he must comply with the federal rules. The initial cost and trouble of compiling the list, since Defendant's expert apparently does not maintain one, may be expensive. The expense is a one-time cost, and the list can then be used in subsequent litigation.

\* \* \*

Defendant suggests that Dr. Framjee be given "one warning." Defendant is uncertain whether Dr. Framjee has ever testified in federal court, but assumes, based on the size of his practice, that he has. Defendant states that Dr. Framjee has never been requested to comply with the federal rule, and that he did not know about the federal rule. . . . Defendant requests that the Court make an exception in this case due to Dr. Framjee's lack of knowledge, the difficulty of compiling the list, and the impending trial date.

A "one warning" exception to the rule is not contemplated by the rule. Such an exception in this case would be to the disadvantage of this Plaintiff. The federal rule has been in existence since 1993. Assuming Dr. Framjee did not know of the requirements of the rule, certainly defense counsel knew of the rule prior to employing Dr. Framjee. A simple inquiry by defense counsel prior to his retention would have averted this situation.

Defendant's counsel asserts that failure to provide the list is harmless, while arguing, at the same time, that Plaintiff's real motivation to obtain the list is to share it with other Plaintiffs' lawyers who have wanted this illusive list for years. The Court questions how the failure to provide such coveted information can be harmless. From the list of cases Plaintiff can determine the number of independent medical examinations performed by Dr. Framjee, the percentage of Dr. Framjee's work which is for plaintiffs or defendants, and what Dr. Framjee's yearly income is from such examinations. Plaintiff's counsel wishes to contact attorneys in other cases in which Dr. Framjee's deposition was taken. The Court concludes that the failure to disclose the information is not "harmless" as contemplated by the rules.

Id. at pp.656-58.

Also on similar facts a Massachusetts court ruled in Norris v. Murphy, 2003 WL

21488640 at \*\*3-5, as follows:

7

To my mind, there are only two possible reasons why Dr. Kennedy failed to comply [with the requirement to provide a testimonial history].  The first is that he patently (and with some degree of arrogance) refuses to keep the records which would enable him to comply.  This is hardly "substantial justification."  An expert cannot deliberately put himself or herself in the position where it is impossible to comply with a rule and then claim that he or she cannot comply.  Self-induced inability to comply with a rule is simply not justified.

An expert's failure to maintain records in the ordinary course of his business sufficient to allow disclosures to be made, does not constitute "substantial justification" for the failure to provide required disclosures as to any retained expert expected to testify at the trial of the case.

The second possible reason why Dr. Kennedy may be unable to comply is that the information is available but that he cannot be bothered to be put to the task of doing the digging necessary to discover the information.  It simply strains credulity that Dr. Kennedy does not have records of medical evaluations which would contain the information from which he could discern the court and its location, or the location of arbitrations, in which he has testified about those evaluations.

\*   \*   \*

Defendant's argument that the failure is "harmless" centers on the fact that the plaintiff has procured two depositions of Dr. Kennedy, one of which is devoted almost entirely to obtaining testimony of the amount Dr. Kennedy received from performing independent medical evaluations and testifying at trials and depositions.  While I would agree that perhaps the deposition is sufficient for the plaintiff to cross-examine Dr. Kennedy on that issue, the disclosure requirement was not imposed for the sole purpose of learning how much money an expert earned from testifying.  It was also imposed so that opposing counsel could learn the substance of the testimony which the expert gave in other cases, including the specific opinions he has given on matters which may be substantially similar to the opinions he proposes to render in the case at hand.  If he has rendered different opinions of substantially similar diagnoses, that fact could be effective ammunition for cross-examination.  In addition, reading the cross-examination by other lawyers can provide counsel with avenues of questioning in the case at hand, avenues which counsel may not have thought of had he not had the

8

benefit of the prior testimony.

> If an expert in his report provided a partial list of a significant number of cases (together with the necessary identifying data) in which he had testified, the Court might be inclined to find the failure to provide a complete list as "harmless" on the theory that the opposing counsel was given a fair opportunity to obtain a substantial amount of former testimony.  But that is not the case-- what Dr. Kennedy provided was inadequate for opposing counsel to procure any of Dr. Kennedy's former testimony.  In this connection, it should be noted that the two cases in which plaintiff's counsel was able to procure deposition testimony were not among the cases listed in Dr. Kennedy's Mat 13th letter.

I am persuaded by the reasoning of the courts in <u>Nguyen</u>, <u>Palmer</u>, and <u>Norris</u>, and I find that their reasoning applies with equal force to the facts of this case.  The United States did not fail to disclose a complying testimonial history because Walsh's data base was inadvertently destroyed.  To the contrary, Walsh never maintained a complying list.  As the court noted in <u>Norris</u>, "[s]elf-induced inability to comply with a rule is not justified."  2003 WL 21488640 at *3.

Nor is the failure to provide the testimonial history harmless.  Of the 50 cases identified, Walsh has provided information beyond the names of the parties and a city or state in only 15 instances, but at least three of the purported case numbers were wrong when given.  I have no confidence in the accuracy of the remaining case numbers, and on their face they appear to be incomplete.  Consequently, as in <u>Norris</u>, this is not an instance of substantial compliance.  Rather, in connection with the bulk of Walsh's prior testimony, the plaintiffs cannot readily identify the cases and obtain the testimony; the burden of locating the testimony, if it can be located at all, appears to be substantial.  I also agree with <u>Norris</u> that one of the most important purposes of the testimonial history requirement of Rule 26(a)(2)(B) is to allow the opposition to obtain prior testimony of an expert and, potentially, to identify inconsistent positions taken in previous cases

for use in cross-examination.  That opportunity is negated, or rendered substantially more

difficult, by the United States' failure meaningfully to identify the instances of Walsh's prior

expert testimony.

I also agree with the Kansas court in <u>Nguyen</u> that it is the responsibility of the party, here

the United States, and its counsel in selecting an expert witness to assure the expert's ability to

comply with the requirements of Rule 26(a)(2)(B).  As that court noted, "[a] party may not simply

retain an expert and then make whatever disclosures the expert will or is able to make

notwithstanding the known requirements of Rule 26."  162 F.R.D at 681.

The remedy applied in <u>Nguyen</u>, however, was not immediate disqualification of the expert.

Instead, the court afforded the offending party time to cure the deficiencies in its expert's

testimonial history.  <u>Id</u>. at 682 (stating that "[t]he court will allow the plaintiff to provide a

supplemental disclosure which corrects the deficiencies identified herein within 40 days . . .,

otherwise, Dr. Shechter will not be permitted to testify at trial of the action").   That remedy

makes sense here, as well.  The expense and burden of complying with the requirements of Rule

26(a)(2)(B) should lie with the party seeking to call the expert.  If the United States can supply a

testimonial history for Walsh that adequately informs the plaintiffs of the cases where he has

testified in sufficient time to allow the plaintiffs to obtain copies of the testimony and prepare for

cross-examination at trial, then the purposes of the rule are satisfied and the severe sanction of

excluding Walsh's testimony is not warranted.  I will allow the United States until **July 23, 2007**,

to supply a testimonial history for Walsh that complies with the requirements of <u>Nguyen</u>.  If it

fails to do so, on the renewed motion of the plaintiffs I will order that Walsh be stricken as an

expert witness.

The facts are different with respect to the United States' testimonial history disclosure for

Dr. Henry Halperin.  In *Defendant's Fourth Supplemental Expert Designation Pursuant to Fed.*

*R. Civ. P. 26(a)(2)*, the United States discloses two cases where Halperin has provided testimony.

The United States argues, without contradiction, that this is the entirety of Halperin's expert

testimony in the last four years.  *Defendant United States' Response to Plaintiffs' Motion to*

*Strike Defendant's Expert Witnesses* [Doc. # 203, filed 5/25/2007] at p.3.  With respect to both

of the cases identified, the disclosure indicates the case name; court and case number; date of the

testimony; and whether the testimony was by deposition or at trial.  This satisfies the requirements

of the rule.  Although it is true that the information was provided late, it has been provided within

sufficient time to allow the plaintiffs to obtain a record of the testimony if they want and to use it

to prepare for Halperin's cross-examination at trial.

### Defendant's Motion to Strike Experts

Arguing that what is good for the goose is good for the gander, the United States moves

to strike Drs. James Futrell, James Schraa, and Julie Colliton, and Ms. Helen Woodard as expert

witnesses for the plaintiffs, based on their alleged failures to provide complete testimonial

histories as a part of their Rule 26(a)(2) disclosures.  The plaintiffs' expert disclosures were made

on March 1, 2007.

The plaintiffs have provided a testimonial history for Futrell which lists ten cases where he

has provided prior testimony.  The list includes the date of testimony; case name; city and state

where the court was located; case number; and whether the testimony was by deposition of at

trial. *Plaintiffs' Response to Defendant's Motion to Strike Plaintiffs' Expert Witnesses* [Doc. #
213-2, filed 6/6/2007] at Exh.1.  In addition, Futrell has provided an affidavit in which he states
that he has reviewed the testimonial history, and he believes the history is complete. *Affidavit of
James Futrell, M.D.* [Doc. # 213-8, filed 6/6/2007] at ¶¶4-7.  There is no evidence to the
contrary.

The plaintiffs have provided a testimonial history for Schraa which lists eight cases where
he has provided prior testimony.  The list includes the date of testimony; case name; city and state
where the court was located; case number; and whether the testimony was by deposition of at
trial. *Plaintiffs' Response to Defendant's Motion to Strike Plaintiffs' Expert Witnesses* [Doc. #
213-3, filed 6/6/2007] at Exh.2.  In addition, Schraa testified at his deposition that although the
computer file which stored his testimonial history was destroyed, it has been reconstructed and
that "[s]o far as I know this is as complete as is possible." *Deposition of James Schraa, Psy.D.*
[Doc. # 213-10, filed 6/6/2007] at p.8 lines 4 through 20.  There is no evidence showing that the
history is incomplete.

The plaintiffs have provided a testimonial history for Colliton which lists 45 cases where
she has provided prior testimony.  The list includes the date of testimony; the name of at least one
party to the suit, and frequently the complete case name; the court or tribunal where the matter
was pending, with one exception; the case number in all but three instances; and whether the
testimony was by deposition of at trial. *Plaintiffs' Fourth Supplemental Fed. R. Civ. P. 26(a)(2)
Expert Disclosures*.  There is no suggestion that, other than the omissions identified above, the
testimonial history is incomplete.  The United States complains instead:

12

> Dr. Colliton on the other hand has testified only twice as a retained
> expert, both times for the Plaintiffs' counsel, yet she was unable
> from her amended testimonial history list to even identify which
> other case it was.

*Defendant's Motion to Strike Experts* [Doc. # 204] at p.2.  The argument is impossible to

understand, however, because Colliton's testimonial history and deposition testimony state clearly

that she testified more than "twice."  In any event, Rule 26(a)(2)(B) does not require an expert to

identify on the testimonial history whether the testimony was for the plaintiff or the defendant, nor

does it require disclosure of the counsel engaging the expert.  See Nguyen, 162 F.R.D. at 682

(holding that a testimonial history must identify the tribunal, the names of the parties, the case

number, and whether the testimony was by deposition or at trial).  And although Colliton's

testimonial history fails to contain the full case name in every instance; the identity of the tribunal

in one instance; and the case number in three instances, I find that it substantially complies with

the requirements of the rule and that any omissions are harmless.  See Norris, 2003 WL 21488640

at *4 (addressing the issue of substantial compliance where an expert discloses "a significant

number of cases (together with the necessary identifying data)").

The United States argues that Woodard should be stricken as an expert witness for the

following reason:

> Ms. Woodard, whose deposition was taken Thursday, May 24,
> 2007, twenty days after Plaintiffs filed their motion to strike, stated
> at her deposition that her testimonial history was not accurate as it
> did not contain all of the testimony she had provided.

*Defendant's Motion to Strike Experts* [Doc. # 204] at p.3.  The plaintiffs respond:

> When Plaintiffs disclosed Ms. Woodard on March 1, they provided
> a testimonial history that was last updated on February 13, 2007. . .
> . The list disclosed two hundred seventy-eight (278) cases in which

13

> Ms. Woodard had testified that Defendant could use to prepare for
> cross-examination and impeachment purposes.  Plaintiffs have since
> supplemented Ms. Woodard's prior testimonial history with her
> testimony given between February 14th and the March 1st
> disclosure date--there was one trial at which Ms. Woodard gave
> testimony on February 26th, *Bush v. Wester et al.*, Denver District
> Court, 05CV2509.  On March 1st, Ms. Woodard gave a deposition
> in Snook v. Versa Tech of Denver, Inc., et al., Douglas County
> District Court, 05CV1554.  Otherwise, the list is complete.

*Plaintiffs' Response to Defendant's Motion to Strike Plaintiffs' Expert Witnesses* [Doc. # 213,

filed 6/6/2007] at p.6.  Here, as with Colliton, I find that the plaintiffs' testimonial history for

Woodard substantially complies with the requirements of Rule 26(a)(2)(B) and that any omissions

are harmless.  See Norris, 2003 WL 21488640 at *4.

### Motion to Enlarge or Strike

The discovery cut-off in this case was June 1, 2007.  The United States filed the Motion to

Enlarge or Strike on June 1, 2007.

The United States' Motion to Enlarge or Strike seeks relief in two discrete areas.  First,

the United States seeks an order extending the discovery cut-off so that it may depose the "Bethel

family members who spoke to the VA after the procedure."  *Motion to Enlarge or Strike* at p.2.

Second, the United States seeks in the alternative either (a) an extension of the case schedule to

permit the endorsement of a rebuttal expert to rebut new opinions by Dr. Diamond concerning the

cause of Mr. Bethel's injuries or (b) an order striking the testimony of Dr. Diamond.

The deadlines established in a scheduling order may be extended only upon a showing of

good cause.  Washington v. Arapahoe County Dept. of Social Services, 197 F.R.D. 439, 440-41

(D. Colo. 2000).  Good cause in this context "means that scheduling deadlines cannot be met

despite a party's diligent efforts. . . .  Carelessness is not compatible with a finding of diligence

14

and offers no reason for a grant of relief." Colorado Visionary Academy v. Medtronic, Inc., 194

F.R.D. 684, 687 (D. Colo. 2000)(internal citations and quotations omitted).

The United States claims that the delay in obtaining the depositions of the Bethel family

members is the fault of the plaintiffs.  The United States first asked for depositions of family

members on March 22, 2007.  The plaintiffs noted that there were 15 family members and that

depositions of each of them would put the United States over the numerical maximum allowed.

The United States indicated that it would "get back" to the plaintiffs about the family depositions.

The United States claims that attempts informally to identify the family members to be deposed

were unsuccessful, so it served discovery requests on this issue on April 3, 2007.  *Defendant*

*United States First Set of Interrogatories* [Doc. # 209-3, filed 6/1/2007] at Interrogatories 9-10.

The plaintiffs' responses to these interrogatories, served on May 3, 2007, were incomplete and

evasive, referring the United States to the plaintiffs' Rule 26(a)(1) disclosures and certain

handwritten notes rather than providing the information requested.  *Plaintiffs' Answers to*

*Defendant United States' First Set of Interrogatories* [Doc. # 209-4, filed 6/1/2007] at Answers

9-10.

The United States did not move to compel responsive answers to the interrogatories.  I

find, nonetheless, that the United States acted with reasonable diligence in attempting to identify

the family witnesses and obtain their depositions.  Consequently, I will extend the discovery cut-

off to and including **July 13, 2007**, to allow the United States to take the depositions of Bethel

family fact witnesses.

15

Although the United States argues that Dr. Diamond has offered new opinions in his deposition not contained in his expert report, I have not been provided with a copy of that report. Consequently, I cannot say whether the issue of causation testified about by Dr. Diamond at his deposition is new. On the record before me, the United States has failed to establish good cause to extend the expert witness deadlines.

For the reasons stated:

IT IS ORDERED that the Plaintiffs' Motion to Strike Experts is DENIED.

IT IS FURTHER ORDERED that on or before **July 23, 2007**, the United States shall supplement it Rule 26(a)(2) designation for Thomas Walsh to include a testimonial history that complies with this order. In the event the United States fails to provide a proper testimonial history, on a renewed motion by the plaintiffs I will strike Walsh as an expert witness.

IT IS FURTHER ORDERED that the Defendant's Motion to Strike Experts is DENIED.

IT IS FURTHER ORDERED that the Motion to Enlarge or Strike is GRANTED IN PART and DENIED IN PART as follows:

GRANTED to extend the discovery cut-off to and including **July 13, 2007**, solely to allow the United States to take the depositions of the Bethel family fact witnesses; and

DENIED in all other respects.

Dated June 13, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge