IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01336-PSF-BNB

SHARON BETHEL, Individually and as Conservator and Guardian of
DAVID BETHEL, an incapacitated person,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, by and through
VETERANS ADMINISTRATION MEDICAL CENTER of Denver, Colorado,

    Defendant.

---

**ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
ENTERED MARCH 22, 2007**

---

This matter is before the Court on Plaintiffs' Motion to Amend Complaint (Dkt. # 135), filed on February 14, 2007. On March 22, 2007, the Magistrate Judge issued a Recommendation that the Motion to Amend be denied (Dkt. # 159). Plaintiffs timely filed Objections to the Recommendation on April 5, 2007 (Dkt. # 167). The Magistrate Judge's Recommendation, which is dispositive of a claim, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); F.R.Civ.P. 72(b). Having reviewed *de novo* the underlying motion to amend, the Recommendation, and the record, the Court enters the following Order.

**I.    BACKGROUND**

Plaintiffs filed this action on July 15, 2005, for damages under the Federal Tort Claims Act ("FTCA") arising out of injuries sustained by David Bethel while undergoing surgery at the Veterans Administration Medical Center ("VAMC") in Denver, Colorado,

on September 10, 2003. *See generally* Compl. (Dkt. # 1). Plaintiffs initially brought, among others, a claim for medical negligence against Dr. Robin Slover, one of Bethel's treating anesthesiologists during the surgery. *Id.*, ¶¶ 52–56. This Court issued an Order on September 28, 2006, dismissing Dr. Slover from the case upon finding that she was not a federal employee at the time of the alleged negligence (Dkt. # 95). Plaintiffs now seek to amend the Complaint to add a claim against the United States for "Negligent Credentialing and Privileging," alleging in pertinent part as follows:

> 62. On September 10, 2003, the defendant permitted Dr. Robin Slover to provide medical and surgical anesthesia services at the VA Hospital to Mr. Bethel, despite having been on notice before that date that Dr. Robin Slover was not competent to provide anesthesia services, and despite concerns that she might cause injury to a patient.
>
> 63. The Defendant failed to properly investigate the concerns regarding Dr. Slover's competence.
>
> 64. The United States, through its employees and agents at the VA Hospital, all of whom were acting within the scope and course of their employment or within their authority as agents, were negligent in their care and treatment of Mr. Bethel including, but not limited to, the following:
>
>> a. Allowing Robin Slover, M.D. to maintain privileges allowing her to perform the surgical anesthesia on Mr. Bethel;
>>
>> b. Failing to timely and appropriately investigate Robin Slover, M.D. upon learning of concerns regarding her competency and concerns regarding patient safety;
>>
>> c. Failing to monitor, proctor, suspend and/or otherwise limit Robin Slover, M.D.'s performance of surgical anesthesia at the VA Hospital prior to September 10, 2003, the date of Plaintiff's surgery.

Pl.s' Tendered Am. Compl. (Dkt. # 136), ¶¶ 62–64.  The Magistrate Judge recommended that plaintiffs' motion to amend be denied as futile because the negligent credentialing claim would be subject to dismissal for failure to exhaust administrative remedies.  Rec. at 9 (citing *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999)).

## II.    ANALYSIS

The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit.  *Trentadue v. United States*, 397 F.3d 840, 852 (10th Cir. 2005).  A plaintiff who sues under the FTCA must comply with the statute's notice requirements, which are jurisdictional, cannot be waived, and must be strictly construed.  *Id.* (citation omitted).  "The jurisdictional statute, 28 U.S.C. § 2675(a), requires that claims for damages against the government [first] be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."  *Id.* (citations omitted).  The purpose of the notice requirement is to "'allow the agency to expedite the claims procedure and avoid unnecessary litigation by providing a relatively informal nonjudicial resolution of the claim.'"  *Id.* (quoting *Mellor v. United States*, 484 F. Supp. 641, 642 (D. Utah 1978)).  In accordance with that purpose, although a plaintiff's administrative claim "need not elaborate all possible causes of action or theories of liability," it must provide notice of the "facts and circumstances" underlying the plaintiff's claims.  *Id.* at 853.

In this case, plaintiffs' administrative claim, which was submitted to the Department of Veterans Affairs on October 12, 2004, states:

> This is a claim for medical malpractice arising from substandard medical care provided to David Bethel prior to his undergoing a scheduled surgical procedure on 09/10/03. On 09/10/03, David Bethel was scheduled to undergo a surgical procedure known as a fistulectomy at the V.A. Hospital in Denver, Colorado. Mr. Bethel was taken to the O.R. by Anesthesia with a surgical resident in attendance. Mr. Bethel was administered 2 mg. of Versed at which time he became agitated and was having obvious trouble breathing.
>
> A decision was made by Anesthesia to induce Mr. Bethel and intubate him. Mr. Bethel was then given induction I.V. sedatives and paralyzed. The anesthesia resident was unable to visualize Mr. Bethel's vocal cords to place an endotracheal tube. The staff anesthesiologist was likewise unable to visualize the vocal cords and it was discovered that the endotracheal tube had been placed in the esophagus and was removed. A bollard laryngoscope was then placed, again without visualization of the vocal cords. At this point, Mr. Bethel's SAO2 did not measure on the monitor and the nurse holding Mr. Bethel's wrist was unable to get a pulse. External chest compressions were begun and Mr. Bethel was administered epinephrine bicarb. Chest compressions were continued while a staff anesthesiologist again attempted to place an endotracheal tube. Again, the attempted placement of the endotracheal tube was unsuccessful. After approximately ten minutes of chest compressions and two doses of epinephrine and atropine, Mr. Bethel's pulse and blood pressure returned. Anesthesia was still unable to place an endotracheal tube and asked for surgical assistance in establishing an airway. A surgeon then tried to place a guidewire through the trachea and out the mouth for placement of the endotracheal tube. This attempted surgical intervention was also unsuccessful. The senior ENT resident then entered the O.R. and assisted the surgeon in an emergency tracheotomy. During the failed attempts to place an endotracheal tube, Mr. Bethel suffered cardiac arrest and a significant hypoxic event lasting between 10 and 20 minutes. (See attached Operative Report, dated 9/10/03, and, Discharge Summary, dated 11/5/03)

Pl.s' Mot. to Amend, Ex. 1. The above-described basis of plaintiffs' administrative claim revolves entirely around the details of the alleged negligent treatment of Mr. Bethel during the surgery that occurred on September 10, 2003, while the tendered negligent credentialing claim focuses on the VAMC's actions in allowing Dr. Slover to maintain

4


privileges at the hospital and failing to adequately investigate and monitor Dr. Slover's competency and ability to perform surgical anesthesia prior to Mr. Bethel's surgery.

Based on the comparison of the administrative claim to the claim plaintiff now seeks to add, the Court holds that, under the FTCA, plaintiffs' administrative claim provided insufficient notice to the government with respect to the negligent credentialing cause of action. Specifically, the "facts and circumstances" of which plaintiffs gave notice to the government via the administrative claim, which again focused on actions relating to Mr. Bethel's treatment during a surgical procedure on a specific date, are simply not those that would put the government on notice to investigate the VAMC's failures in credentialing Dr. Slover or monitoring her competency. This case is analogous to *Kikumura v. Osagie*, 461 F.3d 1269 (10th Cir. 2006), in which the Tenth Circuit held that a prisoner failed to exhaust administrative remedies with respect to his claim under the FTCA for "negligent failure to provide adequate training and supervision to staff" because his administrative claim, which alleged that he received negligent care while ill, "fail[ed] to mention the possibility that his injuries were caused by the inadequate training and supervision of [prison] staff." *Id.* at 1302.

Also instructive to the Court is *Staggs v. United States*, 425 F.3d 881 (10th Cir. 2005), a Tenth Circuit case involving a medical malpractice action brought under the FTCA. In *Staggs*, the plaintiff's administrative claim had alleged a "substantial departure from the standard of care" and "negligent management of [her] pregnancy [and] labor." *Id.* at 884. The Tenth Circuit held that the administrative claim "lack[ed]

facts and circumstances sufficient to raise the possibility of lack of informed consent" and that the district court thus lacked jurisdiction to consider such a claim. *Id.* at 885. Significantly, the Tenth Circuit noted that, "given the length and factual specificity of [plaintiff's] description of her claim without a mention of 'consent' or a suitable synonym, [the agency] could have reasonably concluded that a claim of lack of informed consent was not intended and that an investigation into lack of informed consent was unnecessary." *Id.* Similarly, in this case, given the length and factual specificity of plaintiffs' description in the administrative claim with no mention of facts relating to supervision, credentialing, monitoring, or the like, the government could have reasonably concluded that an investigation into the VAMC's granting privileges to Dr. Slover and monitoring of her competency was unnecessary. *See id.* Although "the FTCA's notice requirements should not be interpreted inflexibly," *Trentadue*, 397 F.3d at 853, neither should an administrative claim place a federal agency on notice of "every conceivable legal theory" or cause of action that could potentially be brought in relation to an injury described in that claim. *See* Def.'s Resp. (Dkt. # 177) at 3.

Plaintiffs dispute the Magistrate Judge's characterization of the negligent credentialing of Dr. Slover and the alleged negligence during Bethel's surgery as "two distinct incidents . . . occurring at different times." Rec. at 7 (citing *Franz v. United States*, 414 F. Supp. 57, 58 (D. Ariz. 1976) (administrative claim alleging negligent failure to diagnose plaintiff in 1969-70 failed to notify government of a claim of negligent failure to diagnose plaintiff in 1971-72 because the allegations, although arising from the same loss to the plaintiff, were of "two distinct sets of negligent acts

6

occurring at two different time periods")). Plaintiffs argue this case is distinguishable from *Franz* because the VAMC's negligence in credentialing and monitoring Dr. Slover constituted "<u>ongoing negligence</u>, which culminated in Mr. Bethel's catastrophic injury." Pl.s' Obj. at 9 (emphasis in original).

However, the fact that the negligent credentialing claim may not involve a single incident on a single date does not undermine the conclusion that it nevertheless involved alleged negligent acts that occurred separate and apart from the alleged medical negligence that occurred during and just before Mr. Bethel's surgery on September 10, 2003. Plaintiffs' cause of action for negligent credentialing, although arising from the same loss, is "obviously distinct and different" from the treatment-based causes of action for which a proper administrative claim was submitted. *Barnson v. United States*, 531 F. Supp. 614, 624 (D. Utah 1982) (citing *Provancial v. United States*, 454 F.2d 72 (8th Cir. 1972)). Thus, the Court rejects plaintiffs' argument that their administrative claim was sufficient to place the VAMC on notice of its alleged negligence in allowing Dr. Slover to practice at its facility.

Plaintiffs also assert that "it would have been impossible for Plaintiffs to include the negligent privileging and credentialing claim in the administrative notice as there was no possible way for Plaintiffs to learn of the negligent privileging and credentialing until the depositions of employees of the United States revealed such evidence." Pl.s' Obj. at 8. Plaintiffs further contend that, once on notice of this evidence, plaintiffs "could not have acted more diligently or quickly" to bring the claim. *Id.* This may indeed be the case; however, whether plaintiffs were diligent or acted in good faith in

attempting to bring the negligent credentialing claim is simply immaterial to whether plaintiffs presented sufficient information to the government of that claim to satisfy the FTCA's jurisdictional notice requirements.

Finally, plaintiffs understandably express concern that denial of plaintiffs' motion to amend "will deny Plaintiff the ability to pursue a legitimate claim against the VAMC as the Defendant will likely contend that filing a second administrative notice under the FTCA concerning the negligent privileging and credentialing claim is time-barred pursuant to 28 U.S.C. § 2401(b) because it was not brought within two years of the injury." Pl.s' Obj. at 10. Whether such a second administrative notice would be time-barred will depend on when the cause of action for negligent credentialing accrued. *See United States v. Kubrick*, 444 U.S. 111, 120 (1979) (cause of action accrues under the FTCA when "the plaintiff has discovered both his injury and its cause"); *Arvayo v. United States*, 766 F.2d 1416, 1420–21 (10th Cir. 1985) (discussing when the "cause" of an injury has been discovered and plaintiffs' duty to inquire about the cause of injuries for purposes of applying *Kubrick* and evaluating whether an FTCA claim is barred by the statute of limitations). In any event, the resolution of this issue is outside the scope of this Order, as it has no bearing on whether the administrative claim already on file satisfies the FTCA's notice requirements. Like the Tenth Circuit in *Staggs*, this Court "recognize[s] the tragic circumstances of this case and that [this] decision provides little solace to the [Bethel] family. However, the FTCA's presentation requirements are jurisdictional and cannot be waived." *Staggs*, 425 F.3d at 885 (citing *Trentadue*, 397 F.3d at 852).

## III.     CONCLUSION

For the foregoing reasons, it is hereby ORDERED that (1) the Recommendation of United States Magistrate Judge (Dkt. # 159) is ACCEPTED, and (2) Plaintiff's Motion to Amend Complaint (Dkt. # 135) is DENIED.

DATED:  July 10, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge