IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01336-PSF-KLM

SHARON BETHEL, individually and as Conservator and Guardian of
DAVID BETHEL, an incapacitated person,

     Plaintiff(s),

v.

UNITED STATES OF AMERICA,
     Defendant(s).
_____

# ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX

This matter comes before the Court on **Defendant United States' Motion to Reconsider the Court's Order Striking Defendant's Expert Witness Thomas D. Walsh** [Docket No. 266; filed September 10, 2007] (the "Motion to Reconsider").

IT IS HEREBY **ORDERED** that the Motion to Reconsider is **DENIED**, for the reasons provided below.

On August 30, 2007, this Court entered an Order striking Defendant's economic expert, Thomas D. Walsh, for failure to comply with Fed. R. Civ. P. 26(a)(2)(B) [Docket No. 263].  Defendant moves this Court to reconsider its Order.

A party subject to an adverse judgment who seeks reconsideration of that judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver*

*v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  If a motion is served within ten

days of the judgment, the motion usually falls under Rule 59(e).  *Id.*  Defendant filed its

motion to reconsider on September 10, 2007, within ten days after the Court's August 30,

2007 decision.  *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude

intervening Saturdays, Sundays, and legal holidays).  Therefore, the Court will consider

the motion to reconsider pursuant to Rule 59(e).[1]  *See Van Skiver*, 952 F.2d at 1243.

It is well established in the Tenth Circuit that grounds for a motion to reconsider

include: "(1) an intervening change in the controlling law, (2) new evidence previously

unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants*

*of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v.*

*Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  Therefore, a motion to

reconsider is "appropriate where the court has misapprehended the facts, a party's

position, or the controlling law."  *Id.*  Moreover, a motion to reconsider is not to be used as

a vehicle to "revisit issues already addressed or advance arguments that could have been

raised in prior briefing."  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).  Finally, a motion for

reconsideration "is an extreme remedy to be granted in rare circumstances."  *Brumark*

*Corp.*, 57 F.3d at 944.

Defendant requests that this Court reconsider its Order as it is "both clearly

erroneous and visits a manifest injustice upon the Defendant."  *Motion to Reconsider*, p.

---

[1]In its motion, Defendant states that it requests the Court to reconsider "pursuant to Fed.R.Civ.P. 59(b)".  *Motion to Reconsider,* p.1.  As Fed.R.Civ.P. 59(b) relates to the time in which to file for a new trial, this is incorrect.

2.  However, in order to show "clear error or manifest injustice, the [movant] must base its motion on arguments that were previously raised but were overlooked by the Court - '[p]arties are not free to relitigate issues that the Court has already decided.'" *Klein-Becker USA, LLC v. All Web LLC*, 2007 WL 2084337 (D. Utah 2007) (quoting *United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D.Pa. 2003)).

Defendant first argues that there is clear error in this Court's previous Orders, as Mr. Walsh's supplemental witness history substantially complies with the requirements of Fed. R. Civ. P. 26(a)(2)(B).  *Id.*  However, Defendant itself admits that the issue of Mr. Walsh's compliance with Rule 26(a)(2)(B) was both "previously briefed and argued."  *Id.* Considering the Tenth Circuit's caution that a motion to reconsider is not to be used as a vehicle "to revisit issues already addressed," and the fact that two hearings before two different Magistrate Judges have been held on this issue, this Court declines to revisit its previous decisions and find a "clear error" in either of its orders.  *Brumark Corp.*, 57 F.3d at 944.  Simply stated, Defendant's failure to provide the information required by both federal rule and federal caselaw in support of Mr. Walsh's expert testimony is inexcusable and unexcused, for the reasons set forth in Magistrate Judge Boland's Order [Docket No. 221; filed June 13, 2007].  Fed R. Civ. P. 26(a)(2)(B); *Nguyen v. IBP Inc.,*162 F.R.D. 675, 682 (D. Kan. 1995).

Defendant next asserts that the order must be reconsidered in order to avoid manifest injustice to Defendant.  *Motion to Reconsider*, p. 6.  The manifest injustice that Defendant alleges it will suffer is "a far disproportionate sanction upon the Defendant . .

. [and] fundamental unfairness at trial." *Id.* at 6-7.  Defendant does not argue that this

Court "overlooked" arguments that were previously raised.  *Klein-Becker USA, LLC*, 2007

WL 2084337.  In fact, this Court has twice considered Defendant's arguments that it had

substantially complied with the requirements of Fed. R. Civ. P. 26(a)(2)(B).  Indeed, the

precise nature of the "unfairness" asserted by Defendant is unclear.  Mr. Walsh's expert

testimony relates to the economic losses incurred by Plaintiffs as a result of the events at

issue in the case [Docket No. 189-4 and 189-5; filed May 4, 2007].  Plaintiffs have

endorsed their own expert, Dr. Patricia Pacey, to testify regarding her calculations of such

losses.  Essentially, Defendant's expert calculates the losses differently from Plaintiffs'

expert, and reaches a different conclusion as to the amount thereof.  Striking Defendant's

economic expert does not preclude Defendant from cross-examining Dr. Pacey as to her

assumptions and conclusions, nor does it preclude Defendant from effectively presenting

both evidence and arguments regarding Plaintiffs' alleged losses.  Consequently, although

Defendant's presentation of evidence regarding Plaintiffs' alleged losses may be hindered,

it will not be destroyed.  Given the magnitude of the problem created by Mr. Walsh's

incomplete and inadequate report, this result is appropriate.  Accordingly, Defendant has

not shown manifest injustice, as is required in this Circuit.  This Court therefore concludes

that Defendant is not entitled to relief under Fed. R. Civ P. 59(e).

Accordingly, IT IS HEREBY ORDERED that the Motion to Reconsider [Docket No.

266; filed September 10, 2007] is **DENIED.**

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated:  October 12, 2007