IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01336-PSF-KLM

SHARON BETHEL, individually and as conservator and guardian of David Bethel, an incapacitated person,

Plaintiff,

v.

UNITED STATES OF AMERICA, by and through
VETERANS ADMINISTRATION MEDICAL CENTER OF DENVER, COLORADO,

Defendant.

## ORDER ON DEFENDANT'S MOTION TO RECONSIDER DISCOVERY ORDER

This matter is before the Court on Defendant's Motion to Reconsider (Dkt. # 272), filed on October 2, 2007, in which defendant requests that the Court reconsider a portion of its September 18, 2007 Order (Dkt. # 269) overruling defendant's objection to a discovery ruling by the Magistrate Judge. In the portion of the order to which defendant objects, the Court required defendant to produce to plaintiff the document labeled Document No. 98 on defendant's privilege log. Plaintiff filed a response to the motion to reconsider on October 5, 2007 (Dkt. # 273). The motion is ripe for disposition.

**I.    BACKGROUND**

This is an action for damages under the Federal Tort Claims Act ("FTCA") arising out of injuries sustained by David Bethel while undergoing surgery at the Veterans Administration Medical Center ("VAMC") in Denver, Colorado, on September

10, 2003. In the order at issue here, the Court granted in part and denied in part plaintiff's motion to compel production of 29 documents defendant claimed were protected under the "quality assurance" privilege set forth in 38 U.S.C. § 5705 and effectuated by the regulations contained in 59 C.F.R. §§ 17.501 *et seq.* As noted in that order, this privilege generally protects documents "produced by or for the VA in the process of conducting systematic healthcare reviews for the purpose of improving the quality of health care or improving the utilization of healthcare resources in VA healthcare facilities." 59 C.F.R. § 17.501(a).

With respect to Document 98, which is an external professional review of the incident involving Mr. Bethel, the Court held that defendant had failed to satisfy its burden of showing the document qualified as a privileged "peer review" document subject to a policy prepared by defendant in October 2001 (the "2001 Directive"). Order at 9. First, the Court held that Document 98 "appears to fall under the [2001] Directive's exclusion [from protection] of 'non-routine, problem generated chart, procedure or film review.'" *Id.* (citing 2001 Directive § III). Second, the Court held that defendant had failed to demonstrate compliance with the regulations governing quality assurance protection of "focused reviews" that "address specific issues or incidents." *Id.* Such reviews must be "designated by the reviewing office at the outset of the review as protected by 38 U.S.C. 5705 and the regulations in §§ 17.500 through 17.511," and defendant had failed to reference any documents designating the review as privileged. *Id.* at 10 (quoting 59 C.F.R. § 17.501(a)(2)).

## II.   MOTION TO RECONSIDER

As the basis of its motion to reconsider, defendant has attached to the motion the "initiating memorandum" (the "Memo") dated February 17, 2004, pursuant to which defendant requested the external review that is now embodied in Document 98. In the Memo, the VAMC requests a "comprehensive peer review" of the incident involving Mr. Bethel using patient records and expressly states: "This peer review is conducted for the purpose of improving the quality of medical care and/or improving the utilization of health care resources and is protected by Title 38, U.S. Code, Section 5705 and its implementing regulations. Peer review in this context is protected, confidential and non-disclosable." Memo at 1, 2. Defendant contends the Memo was not previously provided to the Court because defendant "erroneously assumed that the initiating memorandum for the root cause analysis was sufficient to protect the follow up outside peer review on Mr. Bethel's procedure." Def.'s Mot. at 3.[1]

Generally, three grounds may justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Oja v. Howmedica, Inc.*, 848 F. Supp. 905,

---

[1] In its prior order, the Court also addressed defendant's objection to the Magistrate Judge's ruling that defendant was not entitled to withhold the documents labeled Nos. 5–15 on its privilege log as part of a privileged "root cause analysis," which is defined under a VAMC Directive (the "2002 Directive") as "a process for identifying the basic or contributing causal factors that underlie variations in perform-ance associated with adverse clinical events or close calls." 2002 Directive § 4(a)(2)(d). The issue was whether Document No. 7 on defendant's privilege log, entitled "Charter Memorandum Medical Center Director convening Root Cause Analysis ('RCA') Team – a 38 U.S.C. § 5705 activity," sufficiently designated the review as privileged "at the outset of the review," as required to protect from disclosure documents prepared pursuant to that review. *Id.,* §§ 4(a)(2), 2(b)(2). The Court held that defendant had met its burden of demonstrating that a root cause analysis was initiated on the date of the Charter Memorandum and that the documents prepared after that date as part of the analysis—specifically, Documents 5-9, 14, and 15—were privileged. Order at 5-6.

906 (D. Colo. 1994) (citation omitted).  Defendant does not argue that there has been an intervening change in the controlling law.  Nor does defendant argue that new evidence is available, which is appropriate given that the newly produced Memo dates back to February 2004, and defendant is the party that created and presumably has been in possession and control of the Memo since its inception.  Thus, the Court presumes defendant's asserted ground for reconsideration of the Court's prior order is to correct clear error or prevent manifest injustice.

The Court finds no clear error in its order with respect to Document 98 and no risk of "manifest injustice" that warrant reconsideration of the order.  First, defendant fails to rebut or explain plaintiff's undisputed contention that the Memo has never been produced or identified on defendant's privilege log.  And as noted above defendant's only explanation for its failure to previously provide the Memo to the Court is that it "erroneously assumed that the initiating memorandum for the root cause analysis was sufficient to protect the follow up outside peer review on Mr. Bethel's procedure."  Def.'s Mot. at 3.  However, as the Court noted in its prior order, defendant until now has never argued, either in its initial briefing on the motion to compel or in its appeal of the Magistrate Judge's order, that Document 98 is privileged as part of the root cause analysis initiated by the Charter Memorandum discussed in footnote 1, *supra*.  Rather, defendant has maintained that the document was generated as part of the peer review process and is protected as such.

Defendant cannot viably argue that the Court erred based on a document (the Memo) defendant has never disclosed, nor can defendant legitimately contend that

4

production of Document 98 would result in manifest injustice when defendant's current argument could have, but was not, raised in its prior briefing. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motion for reconsideration is not appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing") (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Second, even leaving aside the untimeliness of defendant's argument and production of the Memo, defendant has not addressed the Court's conclusion that the disputed document appears to fall within the 2001 Directive's exclusion from protection of "non-routine, problem generated chart, procedure or film review." 2001 Directive § III. The Memo's statement that the requested analysis was part of a privileged peer review does not necessarily make it so, and defendant fails to explain how or why the above exclusion does not apply to Document 98.

## III.   CONCLUSION

For the foregoing reasons, defendant's Motion to Reconsider (Dkt. # 272) is DENIED. Defendant is ordered to produce Document No. 98 to plaintiff no later than **Wednesday, October 31, 2007**.

DATED: October 19, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge