IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01336-RPM-KLM

SHARON BETHEL, individually and as Conservator and Guardian of
DAVID BETHEL, an incapacitated person,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA, by and through
VETERANS ADMINISTRATION MEDICAL CENTER of Denver, Colorado,

    Defendant(s).
_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Robin Slover, M.D.'s Motion for Protective Order** [Docket No. 328; filed December 14, 2007] (the "Motion for Protective Order"). The Court has reviewed the Motion for Protective Order, Plaintiff's Response [Docket No. 330; filed December 17, 2007], Dr. Slover's Reply [Docket No. 334; filed January 4, 2008], the case file, and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion for Protective Order is **GRANTED IN PART AND DENIED IN PART**, as set forth below.

**I.**     **Statement of the Case**

This is an action for damages pursuant to the Federal Tort Claims Act ("FTCA"), 28

1

U.S.C. § 2671, *et seq.*, arising out of injuries suffered by Plaintiff David Bethel while undergoing surgery at the Veterans Administration Medical Center in Denver, Colorado, on September 10, 2003. Dr. Robin Slover, the attending anesthesiologist, was dismissed as a Defendant in this case on September 29, 2006, on the grounds that Plaintiffs did not provide governmental notice of their claim as required by the Colorado Governmental Immunity Act ("CGIA") [Docket No. 95]. After Dr. Slover's dismissal, Defendant then designated her as a non-party at fault pursuant to C.R.S. § 13-21-111.5 [Docket No. 114; filed November 8, 2006].

## II.     Motion for Protective Order

Dr. Slover requests that the Court enter a protective order limiting the total time of her third deposition to two hours, and also limiting the scope of the deposition to the information contained in her affidavit. *Motion*, p. 1. As grounds, Dr. Slover states that she has already twice been deposed in this case. The first deposition occurred in May 2006 when Dr. Slover was questioned by Plaintiff for approximately four (4) hours on issues relating to the CGIA. *Motion*, p. 2. After Dr. Slover was dismissed from the case, she was deposed for the second time on January 23, 2007. *Id.* During this deposition, Dr. Slover was questioned by Plaintiff for approximately seven and a half (7.5) hours. *Id.* After her second deposition, Dr. Slover recalled additional information relating to the case, and provided this information to the parties in the form of an affidavit. *Response*, Ex. 2. In her affidavit, dated November 9, 2007, Dr. Slover stated that, subsequent to her January deposition, she recalled that she had drawn up a medication, rocuronium, for use during

Mr. Bethel's surgery. *Id.* Based on the information contained in Dr. Slover's affidavit, Plaintiffs requested a third opportunity to depose Dr. Slover. Dr. Slover's counsel then sent a letter to the parties, stating that she would agree to a third limited deposition of Dr. Slover, with each side allowed to question Dr. Slover for one hour, and the subject matter of the questioning limited to the information contained in Dr. Slover's affidavit. *Motion*, p. 2-3. These limitations are at the heart of the current conflict between Plaintiffs and Dr. Slover.

Pursuant to Fed. R. Civ. P. 30(d)(2), a deposition is limited to "one day of seven hours," unless the parties stipulate or the court orders otherwise. If a witness is to be deposed more than once, Fed. R. Civ. P. 30(a)(2)(B) requires that the parties must obtain leave of the court. As a general rule, the court will not require a deponent to appear for a second deposition without some showing of need or good reason for doing so. *Ice Corp v. Hamilton Sundstrand Corp.*, 2007 WL 1590845, *2 (D.Kan. 2007) (citing *Cuthbertson v. Excel Indus. Inc.*, 179 F.R.D. 599, 605 (D.Kan. 1998)).

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Fed. R. Civ. P. 26(c) allows the court to limit the discovery of certain information. A protective order may issue upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). The good cause standard of 26(c) is not met by the conclusory statements of the opposing party. *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D.Colo. 2003). Instead, "the party

3

seeking a protective order must show that disclosure will result in a clearly defined and serious injury to that moving party." *Id.* (citing *Exum v. United States Olympic Committee*, 209 F.R.D. 201, 206 (D.Colo. 2002)). As a general rule, the "good cause" calculation requires that the court balance "the [moving] party's need for information against the injury which might result from unrestricted disclosure." *Exum*, 209 F.R.D at 206 (citations omitted). In addition, the Court should consider any privacy interests that may be implicated and whether the case involves issues that may be important to the public. *Id*.

First, I must consider whether Dr. Slover has met her burden of showing that a "clearly defined and serious injury" will result from allowing a four-hour deposition that is unlimited in scope. *Klesch & Co. Ltd.*, 217 F.R.D. at 524. Dr. Slover argues that a protective order is necessary to protect her from the "'annoyance, harassment, oppression, undue burden and expense' of third deposition . . . ." *Motion*, p. 5 (citing Fed. R. Civ. P. 26(c)(1)). Dr. Slover objects to the fact that Plaintiffs refuse to disclose the subjects they intend to cover and the documents upon which they intend to question Dr. Slover during the deposition. *Motion*, p. 4-5. Dr. Slover asserts that "Plaintiff is imposing a significant financial burden. It will take an inordinate amount of time for Dr. Slover's attorney to review over 7,000 pages of documents and numerous deposition transcripts in order to prepare Dr. Slover for deposition . . . the expense . . . will be borne by the University of Colorado, a public entity that is not even a party to this lawsuit." *Reply*, p. 4. Here, the injury that Dr. Slover asserts is the expense to the University of Colorado, her current employer, required in order to prepare Dr. Slover for a four-hour deposition. While I find

4

that this injury is clearly defined, and may be serious, Dr. Slover has not alleged that the injury will increase dramatically if the Court allows a four-hour, as opposed to a two-hour, deposition. The expense and burden to Dr. Slover seem to be more closely related to the scope of the deposition, and the documents and transcripts upon which Dr. Slover is to be questioned. Accordingly, I find that this factor weighs in favor of allowing a four-hour, limited deposition of Dr. Slover.

Next, I must balance "the [moving] party's need for information against the injury which might result from unrestricted disclosure." *Exum*, 209 F.R.D at 206. Plaintiffs argue that Dr. Slover is a "crucial witness" and that since her January deposition, Defendant has produced thousands of pages of documents relating to the care Mr. Bethel received and that "over ten fact witnesses have testified regarding Dr. Slover's role in Mr. Bethel's care." *Response*, p. 1. Plaintiffs believe that Dr. Slover's November 9, 2007 affidavit "contradicts her deposition testimony as well as testimony of other witnesses, regarding the medication used in Mr. Bethel's case." *Id.* at p. 3. They assert, "[i]n light of the new evidence in this case, it is reasonable to allow Plaintiffs two hours to question Dr. Slover on issues previously uncovered." *Id.* at p. 1.

As an initial matter, Plaintiffs and Dr. Slover disagree on whether the information contained in Dr. Slover's November 9, 2007 affidavit truly contradicts Dr. Slover's deposition testimony from January 23, 2007. In her deposition, Dr. Slover was questioned about the identity of the person who "drew up" the medicines to be used for Mr. Bethel's anesthesia. *Reply*, Ex. A, p. 4. Dr. Slover testified that she did not remember whether a

5

Dr. McDermott had drawn up the medications and handed them to her, or whether she had done it herself. *Id.* In Dr. Slover's November 9, 2007 declaration, she states, "[a]fter reviewing my deposition transcript, I remembered that I had drawn up one of the medications for the Bethel procedure." *Response*, Ex. 2, p. 1. Dr. Slover then states that she then "drew up rocuronium as Dr. McDermott had not drawn up this medication." *Id.* at p. 2. Plaintiffs and Dr. Slover disagree on whether the deposition and the affidavit "dramatically contradict[]" each other. *Response*, p. 1; *Reply*, p. 2. The Court declines to enter into a disagreement that appears to be largely semantic. Upon review of the deposition and the affidavit, it is clear that Dr. Slover's deposition testimony differs from the facts later provided in her affidavit, and this discrepancy concerns the anesthesia provided to Mr. Bethel.

Plaintiffs argue that "[r]equiring a central witnesses, [sic] who has significantly changed her testimony, to sit for two hours of Plaintiffs' questioning is hardly harassing, burdensome or oppressive," and this Court tends to agree. *Response*, p. 5. I note that this is a very complex medical negligence case, and that the anesthesia given to Mr. Bethel is critical to the case. Accordingly, I find that Dr. Slover is a crucial witness and that Plaintiffs have a strong need for information about Mr. Bethel's medical care that outweighs any injury that may occur to Dr. Slover as a result of its disclosure. *Exum*, 209 F.R.D at 206.

Third, the Court considers any privacy interests that may be implicated by allowing a four-hour deposition unlimited in scope. *Exum*, 209 F.R.D at 206. Dr. Slover has not

6

alleged that there are any privacy interests at stake, only that the unlimited deposition will result in undue burden and expense upon Dr. Slover's counsel. As such, this factor does not weigh in favor of entering a protective order.

Finally, the Court considers whether there are any issues present that may be important to the public. *Exum*, 209 F.R.D at 206. Neither side has alleged that the deposition of Dr. Slover implicates issues that are important to the public. This factor is neutral to the Court's analysis.

The factors considered by the Court weigh in favor of allowing a four-hour deposition of Dr. Slover, as Plaintiffs have a strong need to discover information from someone who appears to be an integral witness. However, the Court is not unsympathetic to Dr. Slover's argument regarding the burden and expense incurred in efforts to prepare for her third deposition, especially considering that Plaintiffs themselves have admitted that the scope of the deposition may be huge and involve many thousands of pages as well as numerous deposition transcripts. The Court finds it only fair to share this burden among the parties.

Accordingly, IT IS HEREBY **ORDERED** that **Robin Slover, M.D.'s Motion for Protective Order** [Docket No. 328] is **GRANTED IN PART AND DENIED IN PART.** Plaintiffs are permitted to take a deposition of Dr. Slover, with a maximum of two hours of questioning per side. IT IS FURTHER **ORDERED** that Plaintiffs are to identify which documents and deposition transcripts will be used in the deposition of Dr. Slover and provide these documents and transcripts to Dr. Slover no later than **fourteen (14) days**

prior to her deposition. IT IS FURTHER **ORDERED** that the scope of Dr. Slover's deposition will be limited to the documents and transcripts produced by Plaintiffs.

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: January 9, 2008