IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01336-RPM

SHARON BETHEL, Individually and as Conservator and Guardian of
DAVID BETHEL, an incapacitated person,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

ORDER DETERMINING VICARIOUS LIABILITY FOR ANESTHESIOLOGIST
_____

On September 10, 2003, David Bethel sustained permanent injury in the course of treatment as a patient at the Denver Veterans Affairs Medical Center ("VA Medical Center") in Denver, Colorado. He seeks damages under the Federal Tort Claims Act, ("FTCA"), alleging negligence of the physicians and medical staff responsible for his care and treatment. The government seeks to avoid liability by contending that any negligence was the responsibility of the attending anesthesiologist, Dr. Robin Slover, an employee of the University of Colorado Health Sciences Center ("UCHSC"). The defendant contends that under the tests for determining government employment set out in *Lilly v. Fieldstone,* 876 F.2d 857 (10th Cir. 1989), Dr. Slover was an employee of an independent contractor and not a VA employee. Accordingly, the defendant contends that there is no vicarious liability for her conduct at its hospital.

Dr. Slover was dismissed as an individual defendant earlier in this action by ruling granting her motion to dismiss because the plaintiff failed to comply with the

notice requirement of the Colorado Governmental Immunity Act applicable to her as a state employee. To the extent that ruling by another judge can be interpreted to exclude liability under the FTCA, it will not be followed. After additional briefing and the submission of documentary evidence of the relationship of the UCHSC and the VA in providing health care to patients at the VA Medical Center, this Court finds and concludes that these two entities share faculty and staff with joint appointments to staff to enable the VA Medical Center to function as a major teaching facility. The Affiliation Agreement (Exhibit E) and the Memorandum of Affiliation Master Agreement (Exhibit F) describe the basis for this joint activity.

Dr. Slover was assigned to provide anesthesiology services at the VA Medical Center pursuant to a contract between the Department of Veterans Affairs and the Department of Anesthesiology of the UCHSC pursuant to the statutory authority provided by 38 U.S.C. § § 7302 and 8153.

The contract describes specific clinical and administrative duties to be performed by University anesthesiologists, stating that the services to be performed include the specified tasks "and/or other duties as assigned by the VA." The specified duties include a full range of anesthesiology services, as well as the "supervision, assistance and support of clinical nurse anesthetists, staff anesthesiologists and other anesthesiology service personnel." (*Id.*). Physicians working at the VA Medical Center pursuant to this contract must meet the VA's professional standards and be credentialed and privileged according to the processes described in the Veterans Health Administration handbook and local policies.

When Dr. Slover worked at the VA Medical Center, she received her work assignments from Dr. Kirson, the VA Medical Center's Chief of Anesthesiology. Dr. Slover's duties at the VA Medical Center included supervising members of the VA Medical Center's anesthesiology staff.

Dr. Slover was an appointed member of the VA Medical Center's Medical Staff. The VA Medical Center is one of the facilities included in the VA's Eastern Colorado Health Care System. Bylaws governing the Medical Staff of that organization define matters such as membership qualifications and eligibility, the appointment and credentialing process, clinical privileges, the organization of medical staff, and rules and procedures for governance. Appointments to the Medical Staff confer clinical privileges and are subject to an approval process and rules and regulations of the Veterans Health Administration. Appointment to the Medical Staff is a process distinct from appointment as a VA employee. Members of the Medical Staff include both employees hired directly by the VA and others, such as honorary teaching staff and practitioners who perform services pursuant to a contract with the VA.

The Medical Staff Bylaws state, "Practitioners appointed to the Medical Staff, while engaged in patient care activities under the jurisdiction of the [Eastern Colorado Health Care System] are covered under the Federal Tort Claims Act for purposes of civil liability." (Bylaws, Art. III, sec. 8, ¶ 7, at p. 19).

Dr. Slover was a professor of anesthesiology and her duties at the VA Medical Center involved the supervision of medical residents, that is, physicians still engaged in the medical education process. The United States acknowledges that medical residents working at the VA Medical Center are VA Medical Center employees. The University

3

and the VA Medical Center are, in essence, engaged in a joint activity–teaching and treatment of patients.

David Bethel went to the VA Medical Center for elective surgery. He did not select Dr. Slover or any other members of its medical staff for his treatment. If that treatment was negligently performed, the United States cannot avoid responsibility by contending that the fault was that of an independent contractor.

Accordingly, in the trial of this civil action, the conduct of Dr. Slover will be considered to be that of a physician in her specialty for which the United States has vicarious liability under the FTCA.

DATED: September 17th, 2008

BY THE COURT:

s/ Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge